





**RECEIVED**
8/11/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Shakethia Eastland, | ) | |
| | ) | |
| Plaintiff. | ) | **Case No.** 1:26-cv-09654 |
| | ) | Judge Jorge L. Alonso |
| | ) | Magistrate Judge Gabriel A. Fuentes |
| V. | ) | RANDOM / Cat. 2 |
| | ) | |
| | ) | |
| 1. Chicago Police Department; | ) | |
| 2. Officer Rodrequez | ) | **Presiding Judge:** |
| 3. Officer Vasquez | ) | |
| | ) | |
| 4. The County of Cook; | ) | |
| 5. Tressa Palcheck | ) | |
| 6. Margaret Armales | ) | |
| **7.** Jenny Wamsat | ) | |
| | ) | |
| 8. The Municipal of Chicago, | ) | |
| | ) | |
| 9. The State of Illinois | ) | |
| | ) | |
| Defendant(s). | ) | |

**Civil Rights Complaint**

**Demand for Jury**

## I. Jurisdiction

This is a civil action authorized by 42 U.S.C. 1985 - Conspiracy to interfere with civil rights combined with the Enforcement of 34 U.S.C. § 12601 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States in it's conspiracy theory, involving outlined defendants. The court has jurisdiction under 28. U.S.C. Section 1331 and 1343 (a)(3). Plaintiff, Shakethia Eastland seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. I, the Plaintiff Shakethia Eastland claims for injunctive relief are authorized by 28 U.S.C. Sections 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

Civil action is authorized under 42 U.S.C. Section 1983 as it relates specifically to The Municipal of Chicago in their inability to make sure their employees are not only trained appropriately that represent the Municipality of Chicago, but that individuals patrolling the street in, or out of uniform are actually police. The Plaintiff does not feel as though the Municipality of Chicago, or The County of Cook participated in the conspiracy acts of individuals listed that serve the government within the city limits of Chicago, Illinois, but the two (2) must be held accountable as the head of all individual defendants listed. This also includes the public defenders, and Dr. Wamsat listed as defendants where this claim not only shows, but proves "wilful and wanton" acts performed by the public defenders.

As it relates to The State of Illinois actions to bring forth this tort are granted under Illinois Court of Claims Act (705 ILCS 505/22-1 ), including 705 ILCS 505/8, subsection (d). This is for the citation of state employees of the Illinois Court of Appeals. As stated Circuit Court public defender Tressa Palcheck listed as defendant five (5) is now serving as an Appellate Public Defender. I have filed complaints on the signing judge in appeals, as there is also injunctive relief requested as it relates to the mental anguish I feel the clerks office is primarily response for.

## II.    Introduction

The defendants listed are in violation of multiple statutes of Illinois Law, including the United States Constitution, and other statutes of law under United States Law. The statement of facts will show an accumulated pattern within the events listed that has caused severe mental anguish, pain, suffering, loss of property, credit failure, including a failed semester of college. The ability to show an accumulated pattern allows U.S.C. 42 Section 1985. The Plaintiff feels as though these actions were done in malice, due to the forfeiture appeal of the plaintiff's 2014 BMW X3, including complaints filed.

The Plaintiff feels the filing of the Forensic Psychological Examination, not limiting the actions proceeding after where done as retaliation, as well as to

intimidate the plaintiff. The actions listed in the statement of facts did not consist with one Plaintiff's character. The actions are unexplainable, which has left the Plaintiff in confusion, and created great mental anguish. Thus, it is inevitable that each defendant listed have all conspired together as a team, maliciously to harass, defame, intimidate, and retaliate for exercising one's First Amendment rights.

With the understanding that there has been a pattern, a request to consider this under the "continuing violation doctrine." 735 ILCS 5/13-202 is requested. This will allow adequate redress under the codes of color to all defendants as state paid employees addressed otherwise as co-defendants in a conspiracy.

Although, it was decided in Polk County v. Dodson | 454 U.S. 312 (1981) that public defenders do not act under the codes of color, when there is a conspiracy acquisition involving a public defender, and a police officer it is no longer a standard legal malpractice claim when there is  "wilful and wanton conduct" that can be shown. The Illinois Tort Immunity Act) 745 ILCS 10/1-210 can not be applied to protect an officer, or government employee / agency. Also 42 U.S.C. § 1983, and/or 42 U.S.C. 1985 - Conspiracy to interfere with civil rights can be combined with the Enforcement of 34 U.S.C. § 12601  to pursue a civil action against a public and/or appellate defender of law.

Lastly, with the understanding that there has been a pattern, a request to consider this under the "continuing violation doctrine." 735 ILCS 5/13-202 has been requested. Please understand that action allows adequate redress under the codes of color to all defendants as state paid employees addressed otherwise as co-defendants in the conspiracy as it is. The Illinois Attorney General Act 15 ILCS 205/10 prohibits law enforcement, and government agencies from engaging in any pattern or practice that deprives individuals of their constitutional rights. The clock starts from the most recent date that can be noted in a complaint in relation to statue of limitations. The Plaintiff has 1 (one) year to pursue the Municipal of Chicago, and within the 2 (two) years of filing this claim to be able to include Chicago Police, and arresting officers, but there is a drawback concerning statute of limitations regarding the Plaintiff's damaged, and missing property.

1. 2014 BMW X3

2. 2002 BMW X5

Please note it is just so much, one after another, it is hard to get these filings done. I have to represent myself. Thus, I have to put in all the leg work to research to hopefully make sense on paper to a judge. However, the pattern also showed me that I do not get any justice unless I file formal complaints. Each and every time, soon as I file a complaint I get some movement. It is shown in the statement of fact. This civil tort claim is the ultimate complaint to make it all stop.

**III. Defendant(s)**

1. Chicago Police Department

   a. Officer Vasquez, J Star ID # 19569

      - Violation Fourth, and Fourteenth Amendment

         - Asserted excessive force causing bruised wrists, and a small cut to the knee of the complainant

         - No warrant for arrest, search, or seizure

         - No probable cause per MCC Section 8-4-087 Chicago Ordinance at time of arrest, search, and seizure.

         - False Reports

            - Vasquez, J Star ID # 19569, star id is attached to an office by the name of Ronald Y Tanaka

            - Browse Chicago Police Department officers - OpenOversight

         - Racial Profiling

         - False Arrest

         - False Detention

   b. Officer Rodrequez, J Star ID # 9877

- Asserted excessive force causing bruised wrists, and a small cut to the knee of the complainant
- No warrant for arrest, search, or seizure
- No probable cause per MCC Section 8-4-087 Chicago Ordinance at time of arrest, search, and seizure.
- False Reports
- Racial Profiling
- False Arrest
- False Detention

2. The County of Cook

   a. Failure to train employees properly

      ■ respondeat superior doctrine illinois 1-99-4510

3. Tressa Palcheck, previous public defender Cook County

   a. Harassment for rejecting plea bargains

   b. Malace / Hate

   c. Retaliation for filing complaints on the officers

   d. Legal Malpractice- Breach of fiduciary duty

   e. Character Defamation

   f. Deprivation of Rights

      ■ Sixth Amendment Ineffective counsel as it relates to the Plaintiff

4. Margaret Armales, supervisor public defender Cook County

    a. Harassment for rejecting plea bargains

    b. Malace / Hate

    c. Retaliation for filing complaints on the officers

    d. Legal Malpractice- Breach of fiduciary duty

    e. Deprivation of Rights

        ■ Sixth Amendment Ineffective counsel as it relates to the Plaintiff

            1. Refusal to state statute of law that prohibits the actions of being forced into a mental outpatient, or inpatient facility 405 ILCS 5/3-808

        ■ First Amendment violation refusal to allow client to speak in hearing October 23, 2025.

5. Jenny Wamsat, Cook County Courts Forensic Examiner

    a. Defamation of Character

6. The Municipal of Chicago

    a. Failure to train employees properly

        ■ respondeat superior doctrine illinois 1-99-4510

## IV. Facts

1. On August 13, 2024 the complainant was apprehended inside the Circle K convenience store located at the corner of Adams and Clinton downtown Chicago.

2. The time of the apprehension was noted in reports to occur at 17:54 , and at that time the complainant had not broken any law while proceeding to exit the Circle K convenience store.

3. Per Police Reports, Vasquez, J Star ID # 19569, and Rodrequez, J Star ID # 9877  participated in an illegal detainment, and search of the complainant persons, and property.

    - [8-13-24 arrest police report.pdf](8-13-24 arrest police report.pdf)

4. Officers requested a tow of the 2014 BMW X3 owned by the complainant parked in legal meter street parking on Clinton prior to Adams.

5. Upon pre-trial release the complainant received notification the 2014 BMW X3 was impounded at the impound lot located at 10301 S Doty Ave, Chicago, IL 60617.

6. On August 14, 2024 the complainant was informed there was a hold on the 2014 Bmw X3 for police seizure

    a. John Powe received my request for release of property. The complainant's property was released only.

       [CPDPersonalPropertyReleaseShakenthiaEastland (1)](CPDPersonalPropertyReleaseShakenthiaEastland (1))

7. On August 26. 2024 an incident report was submitted for damages

    a. cook-county-incident-report-2016 (1).pdf

8. On August 27, 2024 the complainant sent a complaint to the Illinois State Police

    a. notarized IL State Police Complaint.pdf

    b. A contact was made to the complainant from that entity. But the complainant was advised CPD is not incorporated with the Illinois State Police. The complainant was given good information on how to request reports via COPA and FOIA.

9. On September 4, 2024 COPA complaints were made by the complainant.

    a. 9-4-24 Form Submission_ COPA Online Complaint Form.pdf

    b. Acknowledgement of receipt of complaint received 9-5-24 Investigation Update Email_Key_ IDGAA5V0GOJ28ATCEO4NTBDBLFU4DV.pdf

10. On September 5, 2024, the complainant attending the initial court appearance. Officer J. Rodriguez Star ID# 9877 did not show, but Officer J. Vasquez Star ID # 19569, cited as "arresting officer in reports appeared to give testimony.

   a. pg 1-2 initial transcript 9-5-24.pdf

11.  On September 6, 2024 the complainant sent a request to the FOIA for police reports using the case number 24111113801 which was the only case number given to the complainant by public defender.

   a. foia 9-6-2024 Fax Status for Job ID 966566655 to (312)814-5958.pdf

   b. Acknowledgment of request was received 9-10-2024 Non-Commercial FOIA Request P979272-091024.pdf

   c. 2 reports received stating no records using case number provided 9-9-24 and 9-17-24 9-9 and 9-17-24 FOIA RESPONSE - NO RECORDS - re Case Numbers Provided a.pdf

12. On September 17, 2024 the complainant filed a request for hearing to reverse the seizure hold.

   a. notarized copy or hearing for truck.pdf

13. On September 17, 2024, Administrative Law Honorable Judge Yolaine Dauphin in rendered a judgement order on the 2014 BMW X3:

   a. vehicle discovery seizure.pdf

14. A damage report was requested at the lot upon pick up damages and cost listed below:

   a. Items Shared on 8-4-2026

15. I was warned, taken as a threat by public defender Tressa Palcheck, I should not file a lawsuit for the damage done to my property.

   a. Unsure of exact date it would have been at a court appearance

16. On October 9, 2024 the complainant's 2002 BMW X5 VIN# 5UXFA53592LP28508 went missing from the complainant's residential neighborhood:

   a. A missing vehicle report was filled out but no notification was received back regarding the report of the missing 2002 BMW X5.

   b. 2002 bmw title.pdf

   c. In mental anguish an email sent to state's attorney office

      ● email complaint about tow of 2002 bmw.pdf

17. On December 21, 2024 the Complainant's 2014 BMW X3 drivers front tire was slashed.

   a. Repair work done at Rodriguez tire on Stoney Island, in Chicago. Can hopefully get the receipt, no answer on the phone from the merchant.

    b. No police report done due to previous cause, results, actions, and threat from the public defender, Tressa Palcheck previously not to file suit.

18. Repeated / continued non response from public defender in regards to case

19. The evening of Sunday, March 2, 2025, the Complainant received a phone call from Ms. Tressa Palcheck advising the complainant of Ms. Palcheck's intentions of filing a BCX our upcoming scheduled appearance on March 5, 2025.

    a. The complainants continued request for motion was a motion to quash and suppress no warrant at time of arrest.

        ● This request led to Ms. Palcheck not responding.

20. The second assigned public defender Tressa Palcheck filed a BCX motion on March 5, 2025 stating the complainant was unfit to stand trial due to an inability to assist her as counsel. Ms. Palcheck advised the court at this time she would be leaving the county public defenders office, and a new attorney would be assigned to the case due to her going to the appeals office.

    a. [bcx motion filing transcript.pdf](bcx%20motion%20filing%20transcript.pdf)

    b. Supervisor, Takeyna Nixon stood in court and stated she told Ms. Palcheck not to file any motions.

21. On May 16, 2026 Catherine Diebel, 3rd assigned public defender, stood as counsel in the fitness hearing. The appeal was filed on this date as well.

   a. Eastland, Notice of Appeal (1).pdf

22. On May 16, 2025 Cook County Forensic Examiner, Jenny Wamsat gave sworn testimony at the fitness hearing giving statements taken as defamation character , and name slander of the complainant.

   a. Delusional Disorder Preparatory Type for states that public defender was potentially racist, or unsure of her issue. Also for the same feeling about the Chicago Police who participated in the arrest.

   b. Alcohol Disorder, otherwise alcoholic

   c. Cannabis Disorder "weedhead"

   d. filings appeals bcx.pdf

23. Catherine Diebel, 3rd public defender assigned, filed the appeal for me regarding the BCX findings, including an order mandating to participate in outpatient psychotherapy.

   a. Eastland, Notice of Appeal (2).pdf

   b. Order May 16 2025 (1).pdf

   c. 405 ILCS 5/3-808, please see page 16 of 18 (d) amended brief filed by complainant in Illinois Court of Appeals

24. September 5, 2025 ARDC complaint 2nd complaint

    a. [ardc complaint form tressa palcheck 9-5-2025.pdf](#)

25. September 8, 2025 the complainant attended a "Doxy Video" with a second provider which was required by the courts.

    a. 🎬 doxy video 2nd opinion court required.mp4

26. Additional Complaints to the ARDC September 23, 2025 and Cook County OIIG

    a. [Items Shared on 8-5-2026](#)

27. List of Rejected filings Case No 24 CR 0885601 and Case No 1-25-0988:

    a. The Complainant began filing motions on behalf of herself as of January 28, 2025

    b. The Complainant acknowledges that case no. 24111113801 was/is not the current case number as it changed at some point to 24CR0885601, but it is the only case number that was provided by defense counsel.

        ● Please see under "case information"

            ○ [case number given.jpg](#)

    c. Upon requesting and paying for transcripts the Complainant learned that she was filing motions under an incorrect case number.

- Transcript order and fees documentation

    - [Items Shared on 8-4-2026 5](#)

d. Last filed rejected motion June 24, 2026

e. Verbal complaints addressed with appeals clerks office regarding:

    - Time taken for motions to be accepted

    - Notice of motions proof of delivery not delivered to Complainant.

f. PDF of rejected filings per odyssey efile system January 28, 2025- June 24, 2026

    - [Items Shared on 8-4-2026 4](#)

28. October 12, 2025 the complainant was transported to hospital via ambulance, and was not discharged until October 16, 2025

    a. [st anthony hospital.pdf](#)

29. October 23, 2025 the 2nd Hearing for the BCX is held with testimony of appointment on September 8, 2025 from the physician at the Iroquois Mental Health Center.

    a. [10-23-25 EASTLAND (1).pdf](#)

30. October 23, 2025, Supervisor Public Defender Margaret Armales stood in as attorney for hearing verses Maria Castellanos.

  a. Maria Castellanos is the 4th public defender assigned as it was stated Catherina Diebal went to a different department.

  b. Maria Castellanos was the assigned public defender at this appearance, but rarely appeared in court for court appearances.

   • My assumption is she did not want to be involved with what she knew Ms. Palcheck, Ms. Armales, and Catherine Diebel all were involved in.

31. October 23, 2025 the Complainant is detained directly after the hearing and booked into Cook County Jail to be transported to an inpatient mental facility.

  a. Multiple grievance filed while in Cook County Jail

  b. The Complainant was transferred to a facility after grievances filed

  c. November 25, 2026 county jail detention ended a 33 day stay in Cook County Jail located at 2700 S California Ave, Chicago, IL 60608.

32. November 25, 2025 the Complainant was transported to Lake Behavioral Hospital by Cook County Sheriff escorts.

  a. The doctor prescribed an anti depressant stating it would help with my sickle cell anemia disease.

b. Continued hatred from the day "professional staff" to try to get you to say you did whatever crime.

- Specifically the legal terminology group lady. I can not remember her name but she gave me a hard time daily stating that if I did not accept responsibility as that is accountability I might not ever get out of the hospital.

- I was in fear for my life around actual crazy individuals who do drugs, and acknowledge they committed their crime.

- A patient by the name of Samatha claiming to be "rare blood" Irish threw a milk at me, charged at me calling me a "black, nappy, headed, bitch"

- A patient by the name of Peggy claiming to be a descendant of England, and of the Iroquois natives consistently threw out racist slurs to me.

- There was another caucasian woman who stated she was from the Iroquois tribe.

  ○ Overall I just found it weird being as though the 2nd doctor who interviewed me and gave testimony on October 23, 2025 worked at a

mental hospital far from the city of Chicago called Iroquois Mental Health Center.

- Mostly because I bear/claim native blood, but before the existence of any European thus having little to no documentation of our tribe or a given name by a European.
- Needless to say I am sure Europeans probably kept up with whatever name they gave to my bloodline, but our inability to give in did not allow our tribe to be documented as many of the rest that were put on reservations to the next.

c. My ear ring was bent, and my clothes were not returned to me.

33. The complainant began to file more complaints sent to OIIG. I may have forgotten to also send this to the ARDC

a. On December 18, 2025

- [maria castellanos complaint.pdf](maria castellanos complaint.pdf)

b. On December 21, 2025

- Maria Castellanos finally contacts the Complainant in the hospital and advises an arrangement for transportation and scheduled a court appearance.
- More complaints sent
  - [Eric Wojnicki complaint.pdf](Eric Wojnicki complaint.pdf)
  - [margaret armales complaint.pdf](margaret armales complaint.pdf)

34. On December 23, 2025 the Cook County Sheriff came to transport the Complainant to Cook County Jail

35. December 23, 2025 stood in court / in person

36. On December 23, 2025 TASC order was agreed
    a. [tasc order.pdf](tasc order.pdf)
    b. [Eastland case information with highlights-images-2.jpg](Eastland case information with highlights-images-2.jpg)

37. The Complainant was released from Cook County Jail after 10:00 pm on the 23rd of December 2025.

38. December 24, 2025 the complainant online college portal via Malcolm X was not active.
    a. The complainant failed 2 of 3 of enrolled college courses due to illegal detainment.

39. December 24, 2025 the Complainant reviewed an email received October 23, 2025, the date of illegal detainment, from COPA addressing the conclusion of investigation of complaints made September 4, 2024.

    a. [10-23-25 Investigation Update Email_Key_ IDGAA5V0GO0ISATELHYVTD974XCWHH.pdf](#)

    b. Made me feel as though they had no intension of me seeing the email the date sent. Made me feel as though they wanted the public defender to throw the hearing.

40. January 9, 2026 an initial contact was made via Appellate Public Defender Ms. Emma Poorman.

    a. [Defender Ms Poorman- Appeals Options - Please Respond email thread inital contact.pdf](#)

    b. [Rule 343. Times for Filing and Serving Briefs](#)

41. January 21. 2026 4th assigned Public defender, Maria Castellanos filed my requested motion to suppress evidence acknowledging the 4th and 14th Amendments which I had been requesting Ms. Tressa Palcheck prior to her filing of the BCX.

    a. [Eastland case information with highlights-images-1.jpg](#)

42. January 28, 2026 Appellate Defender wants to shield Ms. Palcheck with the Circuit Court Judge who's not only a new judge, but he is black, as the blame

    a. [email thred emma Jan 28, 26.pdf](#)

    b. Please revert to amended brief submitted by the Plaintiff

43. February 5, 2026 initial request for Appellate Defender Emma Poorman to withdraw.

44. TASC appointment attended February 19, 2026 with Ms. Kayla Thomas.

   a. Acceptance into the program was not granted due to no findings of drugs, alcohol, or prior mental health issues prior to the court's involuntary commitment.

   b. I just went through the steps to make sure I got out of custody hoping to talk to my college instructors, and complete the semester.

45. On February 20, 2026 the complainant filed bankruptcy

   a. Vehicle was damaged beyond repair

   b. Payments missed due to detainment October 23, 2025

46. March 4, 2026 complainant filed a complaint on Ms. Emma Poorman due to her refusal to withdraw as attorney.

   a. ardc complaint emma poorman-merged (1).pdf

47. March 10, 2026 Ms. Emma Poorman finally submitted her motion to withdraw.

   a. MtnwithdrawgrantedEastland (1).pdf

   b. email thred emma march 10, 2025 motion to withdraw.pdf

   c. motionwithdrawapproved.pdf

48. On March 27, 2026 an email was received from the states paralegal Alexis inquiring if I had objections with an extension date of September 3, 2026

    a.  [may 27 email thread alexis states paralegal.pdf](may 27 email thread alexis states paralegal.pdf)

49.  May 28, 2026 denied low income housing due to bankruptcy credit barrier.

50. April 14, 2026 filing submitted by Plaintiff via e-file amended brief 23 minutes late due to a browser crash a few minutes before 11:59pm.

    a.  [filing for brief submitted 4-14.pdf](filing for brief submitted 4-14.pdf)

    b.  [amended brief prepared-submitted with file stamp.pdf](amended brief prepared-submitted with file stamp.pdf)

51. April 21, 2026 filing for brief submitted April 21, 2026 was accepted by clerk

    a.  [email 4-14 brief accepted on 4-21.pdf](email 4-14 brief accepted on 4-21.pdf)

52. June 1, 2026 an actual motion is filed by the state requesting an extension for the date contested of September 3, 2026.

    a.  [states request extension request.pdf](states request extension request.pdf)

    b.  No delivery of filed extension request was sent to the Plaintiff.

- I pay for mailing. All my mail gets scanned in.
- No email came in. I am not sure if the clerk failed or the state failed but I see it to have been on purpose.

53. June 8, 2026 the Plaintiff filed a motion requesting a response to the Plaintiffs brief due from the state.

   a. email filing submitted 6-8 requesting response from state.pdf

54. June 9, 2026 the Plaintiff received a call prior to the rejection email from the clerk advising me that I was the Appellant.

   a. envelope rejected 6-9.pdf

   b. The Defendant-Appellant is unsure, but I think they were trying to check the Plaintiff that the Appellee has to prepare a response. I know that. I was requesting that response be made pronto.

   c. The Plaintiff was advised to resend the filing

   d. Documents attached to filing rejected

      o Items Shared on 8-11-2026

55. June 9, 2026 the filing was resubmitted how the clerk requested

   a. email 6-9 refile submission for a response.pdf

56. June 10, 2026 the service is made to provide the order granting the state September 3, 2026 extension date

   b. 6-10 order to state extension for response.pdf

57. June 10, 2026 another call received and a rejection to submission filed motion on  Jun 9, 2026 .

   a. rejection notice of filing for 6-9.pdf

b. I was 23 minutes late due to hardware issues filing my amended brief. It is not my fault they played this same game, and the clerk did not post the amended brief until April 21, 2026.

c. The date of Apr 21, 2026 still gave the state's attorney over the time granted by law given of 35 days with a date of June 5, 2026.

d. Motion refiled 2 times due to contact via the clerk 2 times

   ○ june 10 resubmission response 12 noon.pdf

   ○ file submitted june 10 4 pm.pdf

58. Jun 11, 2026 a call was received stating I did it incorrectly, and I needed to file a motion requesting a leave to file late response.

   a. June 11 filing submitted.pdf

   b. june 11 filing accepted.pdf

      ○ Documents in attachment below

      ○ Items Shared on 8-11-2026 1

59. June 16, 2026 submission filed June 10 at 4:16 pm stated to have been filed duplically was accepted.

   a. filing accepted for 4 pm filing june 10.pdf

   b. filing accepted for 4 pm filing june 10.pdf

○ I just did something the clerk called and asked trying to make it seem like I am not fit to help myself

60. June 20, 2026 a new filing submitted due to figuring out how to view the June 1, 2026 motion submitted by appellee via searchil.gov website. I do not have this function available to me in circuit court.

   a. filing june 20.pdf

   b. Motion resubmitted written more as an exact response to opposing the appellee's extension date.

61. June 22- 25 more back and forths between the clerk and Plaintiff in regards to now June 20ths filing

   a. Screenshot_11-8-2026_13715_mail.google.com.jpeg

   b. email appeals office june 22-24.pdf

62. June 30, 2026 the judge finally gives a order

   a. 25-0988 MTN CONTAINING AMENDED RESPONSE ORDER 063026_0001.pdf

   b. How is this a order received stating it contains the amended response yet the judge telling me to get the response in by the 7th?

   c. They played with me to waste time for the appellee to either make me give up and they get the date, or so much

time is wasted the state gets what they wanted regardless.

63. June 30, 2026 the Plaintiff hurrys and resends the amended response

    a. 25-0988 MTN CONTAINING AMENDED RESPONSE ORDER 063026_0001.pdf

64. No response to amended motion from Judge or Appellee as I feel the appellee needed to respond and give good cause other than what was given for an extension that long.

65. July 12, 2026 filing requesting a motion to expedite appellee's response.

    a. filing july 12 request to expedite the appellees response.pdf

66. July 22, 2026 Judges order on filing July 12, 2026

    a. 25-0988 EXPEDITED RULING HEARING ORDER 072226_0001.pdf

67. The Plaintiff needed clarification after that ruling. The plaintiff does not understand why the judge even ruled allowing a late response to appellee's motion for extension. It does not make any sense. To make me go through all of that. I was done with it a long time ago. I knew what they were doing. So it is hilarious.

68. Motion filed July 23, 2026 requesting the Judge to clarify motion. There still has not been any order received on the motion to not give the state until September 23, 2026, but whatever.

   a. [filing july 23 requesting clarification to order.pdf](filing july 23 requesting clarification to order.pdf)

69. July 27, 2026 July 23rd filed motion accepted

   a. [filing accepted july 27 for filing july 23.pdf](filing accepted july 27 for filing july 23.pdf)

70. August 10, 2026 Order to Clarification Received

   a. [25-0988 MTN TO CLARIFY ORDER OF 072226 ORDER 081026_0001 (1).pdf](25-0988 MTN TO CLARIFY ORDER OF 072226 ORDER 081026_0001 (1).pdf)

   b. Documents submitted for ruling

      o [Appellate Motion clarify order 6-22-2026-merged (1).pdf](Appellate Motion clarify order 6-22-2026-merged (1).pdf)

71. Formal complaints via motions filed in appellate court June 16, 2026 addressing:

   a. Biases upon the Judge showing favoritism to the state.

   b. No receipt of motions from the state's attorney office regarding motion to extend.

72. As of last filing on July 6, 2026 pertaining to case no 24 CR 0885601 Catherine Diebel, and Tressa Palcheck are still shown as "main attorney's"

   a. [eFile - Printable Envelope Details notice of production.pdf](eFile - Printable Envelope Details notice of production.pdf)

      b. I have been representing myself although I am unsure of the date the judge actually allowed me to do so.

      c. No contact on even where to complete outpatient psychological treatment

73. Complaint filed Judge Rena Marie Van Tine

      a. Document submitted

            ○ [Items Shared on 8-11-2026 2](#)

## V.    Conclusion of Legal Claim

Although, the matters of the initial arrest are still pending, open. This civil rights action is brought by Plaintiff, Shakethia Eastland, against named defendants to redress the deprivation of rights secured by the Constitution and laws of the United States as playing in a conspiracy to maliciously harass, intimidate, and retaliate against the Plaintiff, which lead to detainment for involuntary mental confinement, which is deemed as malicious persecution.

The fact of the matter is none of these actions listed in the statement of facts would have become possible if:

    1. If the individuals who choose a profession to enforce the law not only knew the law, but also respected the law.

2. If one would not assist the other when they know an action is wrong.

However, that was not the case. Each and every defendant listed did the wilful, wanton and assisted in the harassment of the Plaintiff. The Plaintiff honestly thinks that each and every one of them hang on tightly to whatever understanding they have relating to the "Illinois Tort Immunity Act," All I can say is, thank God there are ways around that law, that allow a general person the ability to fight, and stand up for themselves.

The Plaintiff seeks injunctive relief, as well as compensatory and punitive damages for police misconduct consisting of unlawful arrest, excessive force, and violation of the Plaintiffs Fourth and Fourteenth Amendment. The Plaintiff also requests the same relief as it pertains to the public defender's misconduct, including the Plaintiff's violation of First Amendment rights. The Fourteenth Amendment shall also be addressed again as it relates to the malicious persecution regarding the filing of the BCX that resulted in an unlawful detainment, which kept the Plaintiff detained roughly 60 days. The Plaintiff also seeks payment for the physical damage, and loss of property.

## VI. Prayer for Relief

Injunctive Relief is sought as it pertains to establishing better procedural law that outlines specifically how, and when any attorney has the they have the option

and/or ability to file a BCX on any client. The Plaintiff feels as though this is important to prevent situations like this from happening in the future. Specific rules need to be stated regarding.

1. Case type (murder, drugs, rape, etc etc)
   a. I just do not see how the BCX was filed to help me
   b. It is an insult to my character
2. Drug, alcohol testing need to be done prior to testimony
3. Does the filing support an affirmative defense
4. Is the client sleep when their name is called, even when present?

Injunctive relief is also requested as it relates to the Court of Appeals. The plaintiff would like a review of the law as it relates to the complaint process pertaining to the clerks. In the Circuit Court of Cook County there is a formal process to make a complaint addressing the Cook County Clerks. However, there is no good process outlined for the Illinois Court of Appeals.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of the Plaintiff, granting the following relief:

- Compensatory damages for physical injury, emotional distress, and loss of property, and/or damages, credit impact, and inability to get housing.
- Punitive damages against all individual Defendants listed Vazquez, J Star ID # 19569; and Rodrequez J Star ID # 9877, Chicago Police Officers; Tressa Palcheck, and Emma Poorman Appellant Public Defender; Margaret

Armales, Cook County Public Defender; Jenny Wamsat, Cook County Psychological Forensic Examiners Office  in his individual capacity.

- The Plaintiff is asking for $777,000

- A trial by jury on all issues so triable.

Please take mind these government employees are bringing home a yearly salary of almost 100 thousand dollars a year. Officer Rodrequiz is listed with a $97k+ salary; Ms. Armales is listed over $80k a year. Ms. Palcheck, god could only wonder what a pay increase she received being allowed to go to the appeals office, which I felt was some kind of game she wanted to play knowing they were going to throw the hearing on the initial BCX.

VERIFICATION

I verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Shakethia Eastland, pro se litigant
1 East Erie Street Suite 525-2407
Chicago, IL 60611

_____
Signed

Phone: (773)368-0347

August 11, 2026
_____
Dated

Email: support@mmsbcorp.org